# IN THE UNITED STATES COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:21-CR-171** |
| **v.** ) | **Sentencing Date: January 10, 2022** |
| ) | **The Hon. Michael S. Nachmanoff** |
| **RIHEMAN ELNOUR,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S POSITION WITH REGARD TO SENTENCING

The Defendant, RIHEMAN ELNOUR, has received and reviewed the Presentence Investigation Report ("PSR") prepared in this matter. Defendant has no objections to the advisory guideline calculation therein.

Pursuant to the decision in United States v. Booker, 543 U.S. 220 (2005), Mr. Elnour requests this Court to impose a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). Those goals, the consideration of the "nature and circumstances of Mr. Elnour's offense," and the other factors set forth in the statute, support a guideline-compliant sentence of time-served with a period of supervised release.

It would be difficult to argue that, in his 24 years, Riheman Elnour has done much with his life. His juvenile and early adult-hood years have been marked by multiple brushes with the law, including multiple juvenile convictions, several adult convictions for petty offenses, and a long list of dismissed cases. A review of his criminal history reveals a long history of drug dependence and the criminal behavior that usually accompanies severe addiction.

Despite Mr. Elnour's well-documented short-comings, a sentence of time-served—approximately 9 months—is appropriate, based on his criminal history, and on the instant offense. Despite an obvious and all-consuming substance abuse problem, Mr. Elnour has never

sought and received the long-term treatment that his condition clearly warrants. His untreated addiction has dominated his life to date and it is difficult to see a path forward that does not end in his premature death. Yet, Mr. Elnour potentially has a whole life ahead of him, and now appears to fully grasp the necessity of serious drug treatment.

At the time of his sentencing, Mr. Elnour will have been in custody for more than 9 months. This loss of freedom is more than adequate to punish a troubled young man for his addiction. With the help of his family and court supervision, Mr. Elnour should be given the opportunity to receive intensive drug treatment and become a more productive member of society. Both the sentencing guidelines and the § 3553 factors appropriately support a time-served sentence, and we request that the Court impose such a sentence.

## ARGUMENT

Imposition of a time-served sentence will reflect Mr. Elnour's history and personal characteristics, and his role in the offense, and satisfy the other factors set out in § 3553(a).

**A. The Application of the Statutory Sentencing Factors to this Case Justify a Time-Served Sentence.**

The sentencing guideline range applicable to Mr. Elnour adequately reflects the nature of his role in the offense, his personal history that led to his crime, and the other relevant factors to be considered when imposing sentence. Consideration of these factors provides substantial justification for imposing a sentence of time-served

**a. Nature and Circumstances of the Offense and History and Characteristics of the Defendant.**

Mr. Elnour has pled guilty to one count of Possession of a Controlled substance.

He has fully cooperated with the government and has taken full responsibility for his crime at the earliest opportunity. While this is a victimless crime, it reflects the long history of involvement with serious drugs that has plagued Mr. Elnour much of his life. There is no allegation that Mr. Elnour's activities involved guns or violence and his criminal history does not indicate significant violent behavior. Nevertheless, the path that Mr. Elnour is currently on is unacceptable, both for him and for the community.

Despite his mistakes, Mr. Elnour has the support of his family and community. His cousin describes him as "a good person [who] always had morality in his actions" and a "good human being with a great heart . . ." (Exhibit 1).  Other members of his family assert that Mr. Elnour is "always polite and obedient to his mother, to his friends, and to [his family" (Exhibit 2). Mr. Hashem Mohammed of the Sudanese American Community Development Organization indicates that "Mr. Elnour is active in the community events and always known as kind, helpful and friendly." (Exhibit 5).

While it may be difficult to reconcile Mr. Elnour's criminal history with the supportive and positive descriptions of him by his friends and family, this dichotomy is perfectly consistent with the duel personalities often demonstrated by serious drug users. Mr. Elnour is one person when helping his mother and sisters and quite another when chasing his next fix. Whether the issues underlying his substance abuse stem from his unstable upbringing (PSR at ¶ 94-96) or simply a series of bad life decisions, Mr. Elnour is desperately in need of treatment and worthy of the opportunity to succeed.

Mr. Elnour recognizes his errors in judgment, is remorseful for his actions, and has already suffered significant consequences. Mr. Elnour finds himself at a crossroads. He can continue down his criminal path, risking removal from the United States, lengthy periods of

3

incarceration or a fatal drug overdose. Or he can commit himself to substance abuse treatment, address underlying mental health issues, and give himself a chance to live a better life. With the help and support of his family, Mr. Elnour intends to choose the latter.

### b. Need to Reflect Seriousness of Offense and Provide Just Punishment for the Offense.

A time-served sentence reflects the seriousness of the offense and provides a just punishment. The maximum penalty Mr. Elnour faces is up to 1 year of incarceration and his sentencing guidelines are 6-12 months. At the time of sentencing, Mr. Elnour will have served almost nine months in jail—a sentence in the middle of the guideline range. Loss of freedom is always a severe punishment, regardless of the offense and significant incarceration for drug possession is the exception rather than the rule. As such, it would be difficult to argue that additional incarceration is warranted. Combined with a period of supervised release and court mandated drug treatment, the punishment that Mr. Elnour has already received is certainly reflective of the seriousness of his offense.

### c. Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant.

A time-served sentence with a period of supervised release is adequate to deter Mr. Elnour from committing further crimes. Additionally, Mr. Elnour's compliance with an intensive drug treatment program will adequately protect the public from Mr. Elnour. It is time for Mr. Elnour to begin the process of addressing his severe drug addiction and starting down the path of responsible adulthood. A period of supervised release, and the potential punishments for violating release conditions will provide Mr. Elnour with the incentive to mend his ways and will provide the Court with the mechanism to ensure that he does so. Mr. Elnour's nine months of incarceration has made him keenly aware of the consequences he faces for further criminal

behavior. Mr. Elnour now understands what fate awaits him if he does not seek and obtain treatment.

### d. Need to Avoid Unwarranted Sentence Disparities

It is a stated goal of the §3553(a) factors to avoid sentence disparities among defendants convicted of similar criminal conduct with similar criminal backgrounds. Sentencing Mr. Elnour to a time-served sentence would serve this goal. While Mr. Elnour has an extensive criminal history, his convictions are for relatively minor offenses, and his sentencing guidelines support a sentence between 6 and 12 months. Mr. Elnour has likely already served more time than others with his guidelines would have served on a drug possession charge. A sentence of time-served ensures that the disparity does not increase.

## CONCLUSION

Imposition of a time-served sentence in this case is warranted based on the sentencing factors and the 9 months Mr. Elnour has served to date. The criminal conduct here and throughout Mr. Elnour's life is a direct symptom of his serious substance abuse issues. Mr. Elnour is committed to getting the treatment that he needs and will comply with any conditions of his supervised release. Based on the above, it is apparent that the goals of federal sentencing can be accomplished with a time-served sentence and a period of supervised release. We respectfully request such a sentence.

              _____/s/_____
              Jay P. Mykytiuk, Esq.
              Virginia bar number 73592
              Attorney for Riheman Elnour
              Scrofano Law PC
              600 F Street, NW Suite 300
              Washington, D.C. 20004
              Phone: 202-630-1522
              jpm@scrofanolaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2022, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.

_____/s/_____
Jay P. Mykytiuk, Esq.
Virginia bar number 73592
Attorney for Riheman Elnour
Scrofano Law PC
600 F Street, NW Suite 300
Washington, D.C. 20004
Phone: 202-630-1522
jpm@scrofanolaw.com

6