IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RIHEMAN OSMAN ELNOUR,<br><br>Defendant. | Criminal No. 1:21-CR-171<br><br>Hon. Michael S. Nachmanoff<br><br>Sentencing: January 11, 2022 |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), hereby provides its position with respect to sentencing for the defendant, Riheman Osman Elnour. The government has reviewed the Presentence Investigation Report ("PSR"), Dkt. 33, and has no additions or corrections to the PSR. For the reasons submitted herein, the government submits that a total sentence of 9 months' imprisonment, followed by one year of supervised release, is appropriate and, accordingly, asks that the Court impose such a sentence.

### I.   STANDARDS GOVERNING SENTENCING

The standards governing sentencing are well established. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Guidelines purely advisory and emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264; *see also United States v. Kimbrough*, 552 U.S. 85 (2007).

That the Guidelines are non-binding, however, does not render them irrelevant to the imposition of an appropriate sentence. In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the sentencing Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem

1

appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49–50.

## II. A SENTENCE OF 9 MONTHS' IMPRISONMENT IS WARRANTED BASED UPON ALL OF THE SECTION 3553(a) FACTORS

After calculating the appropriate advisory Guidelines range, the court must "determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Here, a sentence of 9 months satisfies the § 3553(a) factors.

The defendant's offense is a misdemeanor possession offense with a maximum penalty of 12 months, and the Sentencing Guidelines in the case call for 6 to 12 months' imprisonment. Further, the government and the defendant agreed in his plea agreement to recommend at least 9 months' imprisonment. Dkt. No. 26. It is clear from the PSR that the defendant has a severe substance abuse problem, which likely has contributed significantly to his lengthy record of convictions and arrests, albeit for mostly lesser offenses. Based on all of the factors, it appears that a sentence in the middle of the Guidelines range, namely 9 months' imprisonment, followed by one year of supervised release with substance abuse treatment as deemed necessary, is appropriate.

## **CONCLUSION**

For the foregoing reasons, the government believes that a total sentence of 9 months' imprisonment followed by one year of supervised release is sufficient, and not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Rachel M. Roberts
Special Assistant United States Attorney
(LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: rachel.roberts1@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on January 5, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter. I further certify that on this same date, I emailed a copy of the foregoing to the United States Probation Officer assigned to this matter:

Shanna M. Koch
United States Probation Officer
401 Courthouse Square, 3rd Floor
Alexandria, Virginia 22314
Shanna_Koch@vaep.uscourts.gov

By:      /s/
Rachel M. Roberts
Special Assistant United States Attorney
(LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: rachel.roberts1@usdoj.gov